UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia E. Foxworth, | ) C/A No. 4:10-cv-2320-RBH-TER |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Sylvia Foxworth,<br>Wukela Law Firm,<br>April S. Purvis, | ) |
| Defendants. | ) |

## *Background of this Case*

The above-captioned case arises out of a case in the Family Court for Florence County. The plaintiff is a resident of Richmond, Virginia. The plaintiff is the current spouse of Orlando J. Foxworth. Orlando J. Foxworth is the former spouse of Sylvia Foxworth, who is the "lead" defendant in this case. April S. Purvis is a private attorney in Florence, South Carolina. Ms. Purvis and her law firm (The Wukela Law Firm) have represented Sylvia Foxworth in her domestic litigation against Orlando Foxworth.

Ultimately, the above-captioned case concerns the amount of alimony paid to Sylvia Foxworth by Orlando Foxworth. The above-captioned case is the second case filed by the plaintiff concerning Orlando Foxworth's alimony. In *Cynthia E. Foxworth and Orlando J. Foxworth v. Wukela Law Firm, Sylvia R. Foxworth, and April S. Purvis*, Civil Action No. 3:09-0750-RLW (E.D.

1

Va.), the plaintiff and her spouse brought a *pro se* action challenging the Family Court's decision that Mr. Foxworth not be released from his alimony payments. In an order filed in Civil Action No. 3:09-0750-RLW (E.D. Va.) on May 27, 2010, the Honorable Richard L. Williams, Senior United States District Judge, summarized the relevant facts in his memorandum opinion:

> This case arises from a domestic relations matter involving the *pro se* plaintiffs, Cynthia E. Foxworth and Orlando J. Foxworth, who are married to each other, and Orlando J. Foxworth's former wife, Sylvia R. Foxworth, one of the defendants. The other defendants are the Wukela Law Firm, which is not incorporated but is operated by South Carolina attorney Steve Wukela, Jr. ("Wukela") and is located in Florence, South Carolina. In 1990, Wukela was retained in South Carolina by defendant Sylvia R. Foxworth to represent her in a domestic relations matter in the Family Court for the Twelfth Judicial Circuit for the State of South Carolina ("Family Court") involving a divorce and alimony with regard to her then-husband, Orlando J. Foxworth. In August 1990, an order was issued by the Family Court requiring, *inter alia*, that Orlando J. Foxworth pay Sylvia R. Foxworth alimony. Thereafter, in September 1991, the Family Court issued a divorce decree. The third defendant, April Purvis ("Purvis"), is also an attorney in South Carolina. She practices law with Wukela, and she was retained in 2009 to represent Sylvia R. Foxworth in an action in the same Family Court with regard to a *pro se* action filed by Orlando J. Foxworth seeking to terminate his alimony obligation. By order issued in September 2009, the Family Court dismissed Orlando J. Foxworth's action for termination of his alimony obligation, ordered him to pay attorney's fees and costs incurred by Sylvia R. Foxworth, and ordered him to resume paying alimony to Sylvia R. Foxworth. Further proceedings were pending in the Family Court as of the time the motion to dismiss was filed.
>
> The Complaint filed in this matter states that plaintiff Cynthia E. Foxworth, Orlando J. Foxworth's current wife, "was brought into this [domestic relations] case as a third party" when the Family Court "combined [her] income with plaintiff, Orlando J. Foxworth." The Complaint lists both Cynthia E. Foxworth and Orlando J. Foxworth as plaintiffs and both signed it, but it primarily deals with Cynthia E. Foxworth as it refers to "I" and "my income." The plaintiffs' main complaints seem to be that the Family Court has taken Cynthia E. Foxworth's income into consideration with regard to one or more of

2

> its decisions and that other actions taken by the Family Court were purportedly incorrect. The Complaint states that "[b]oth Plaintiffs have endured trauma and anxiety." It also states that the purpose of this action "is to have the parties involved [presumably the defendants] suffer the pain cause [sic] by their actions." It lists a demand of $500,000.00.

(Order of Judge Williams, at pages 1-2). In the above-captioned case, the plaintiff, as the sole plaintiff, has essentially re-filed the Virginia action in the District of South Carolina.

One of the plaintiff's exhibits (Entry No. 1-5, at page 4) reveals that the South Carolina Court of Appeals dismissed the appeal of Orlando Foxworth in Case No. 09-DR-21-416 on December 10, 2009. The remittitur was issued on January 4, 2010 (Entry No. 1-4, at page 3). Earlier, on October 28, 2009, the South Carolina Court of Appeals apprised the plaintiff and her husband that the plaintiff was not a party to the appeal (Entry No. 1-5, at page 6).

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2]

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by
(continued...)

*Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nevertheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 173 L.Ed.2d 868, 129 S.Ct. 1937, 1949 (2009). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

---

(...continued)
*Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Generally, a case can be originally filed in a federal district court if there is diversity of citizenship under 28 U.S.C. § 1332 or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most

5

favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*.

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts, including decisons of a Family Court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See*, *e.g.*, *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484-86, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986).

This principle was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006).

Even though complete diversity of parties is present in this case, the domestic relations exception to the diversity statute would preclude this court from addressing the alimony issues in the above-captioned case. *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006) ("only 'divorce, alimony, and child custody decrees' remain outside federal jurisdictional bounds"); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982); *Wilkins v. Rogers*, 581 F.2d 399, 403-405 & n. 4 (4th Cir. 1978); and *Thrower v. Cox*, 425 F. Supp. 570, 571-74 (D.S.C. 1976). Secondly, federal appellate courts have held that federal district courts "may abstain for reasons of comity and common sense from cases better handled by state courts having authority over matrimonial and family matters." *Gonzalez Canevero v. Rexach*, 793 F.2d 417, 418 (1st Cir. 1986). *Cf. Kelser v. Anne Arundel County Department of Social Services*, 679 F.2d 1092, 1094-95 (4th Cir. 1982).

In light of Judge Williams' memorandum opinion in the Eastern District of Virginia, it is clear that the plaintiff has been made aware that a federal district court does not have jurisdiction to set aside the decision of the Family Court. This court may take judicial notice of Civil Action No. 3:09-0750-RLW (E.D. Va.). *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

The above-captioned case is subject to summary dismissal, in part, for the same reasons that Civil Action No. 3:09-0750-RLW (E.D. Va.) was subject to summary dismissal in the Eastern District of Virginia. *Cf. Aloe Creme Laboratories, Inc. v. Francine Co.*, where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

To the extent Plaintiff is seeking relief under 42 U.S.C. § 1983, she has not alleged that Defendants acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); and *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980).

Although a private individual or corporation can act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961). Since there are no allegations of state action, there is no basis for federal question jurisdiction under 42 U.S.C. § 1983.

*Recommendation*

Accordingly, it is recommended that this case be summarily dismissed *without prejudice*. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

                                            s/Thomas E. Rogers, III

October 19, 2010                           Thomas E. Rogers, III
Florence, South Carolina           United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).